# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MACK L. LEWIS,**

      Plaintiff,

    -vs-                                    Case No. 15-CV-209

**BRIAN FOSTER, SARAH COOPER
CAPTAIN SCHULTZ, CATHY FRANCOIS,
and CO ELHKE,**

      Defendants.

## SCREENING ORDER

The plaintiff, who is incarcerated at the Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on the plaintiff's petition to proceed *in forma pauperis*. He has been assessed and paid an initial partial filing fee of $7.62.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted

as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also*

*Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that he was denied recreation for two months (September 20, 2014, through November 21, 2014) while housed in Green Bay Correctional Institution's "Step Segregation Unit." According to the plaintiff, between September 20 and October 16, 2014, he requested recreation about six times from defendant Officer Ehlke, who denied the plaintiff's requests because there were no recreation facilities available for step unit segregation inmates. The plaintiff alleges that on October 30, 2014, he complained to defendant Segregation Program Supervisor Cathy Francois about the lack of recreation and she stated that "the problem was recognized and GBCI was 'working' on building rec pens." On October 31, 2014, the plaintiff filed an inmate complaint about the lack of recreation and on November 14, 2014, defendant Warden Brian Foster affirmed the inmate complaint because: "GBCI is currently working on a procedure to make the step unit consistent with the seg unit rec." (ECF No. 1-3 at 3.)

The plaintiff claims that the two-month denial of recreation violated his constitutional rights. However, the Seventh Circuit has held that "a

denial of yard privileges for no more than 90 days at a stretch is not cruel and unusual punishment." *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001). Moreover, as the plaintiff alleges, the defendants were working towards securing recreation privileges for plaintiff in response to his complaints. Therefore, the defendants were not deliberately indifferent towards the plaintiff's request for exercise. *See Turley v. Rednour*, 729 F.3d 645, 652-53 (7th Cir. 2013).

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of June, 2015.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**